IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHRISTOPHER POTTER                §
(TDCJ No. 896569),                §
                                  §
        Plaintiff,                §
                                  §
V.                                §        No. 3:17-922-M-BN
                                  §
JUDGE MOLLY FRANCIS, ET AL.,      §
                                  §
        Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Potter, a Texas inmate, has filed this *pro se* civil rights

action directly related to his state criminal judgments. This action has been referred

to the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G.

Lynn. The undersigned enters these findings of fact, conclusions of law, and

recommendation that, for the following reasons and to the extent set out below, the

Court should deny Potter's motion for summary judgment [Dkt. No. 6] and dismiss this

action with prejudice.

**Applicable Background**

In 1999, Potter was convicted in two actions of aggravated sexual assault of a

child under 14, and he was sentenced to a life sentence in both. *See State v. Potter*, Nos.

F98-02395-HT & F98-02383-HT (283d Jud. Dist. Ct., Dallas Cty., Tex), *aff'd*, Nos. 05-

99-00322-CR & 05-99-00323-CR, 2000 WL 1644597 (Tex. App. – Dallas Nov. 3, 2000,

-1-

no pet. filed). Although his complaint and state court records reflect that Potter has neither petitioned the Texas Court of Criminal Appeals for discretionary review, sought habeas relief, or otherwise attacked the validity of the criminal judgments, he brings this action against the judge who presided over his trial, law enforcement officers, court officers and employees, and an attorney – in each defendant's individual capacity – attacking his criminal convictions and sentences and seeking monetary damages. *See* Dkt. No. 3; *see, e.g., id.* at 12 ("Potter seeks that the sentence judgment and conviction be ordered by the court to [unreadable], reversed to operate and be removed from all records, files and computers" and that he receive "monetary damages from all named Defendants[] $100,000,000 for compensation damages for Civil Rights, Constitutional Rights Violations, for special damages for false imprisonment and Violations of the Plaintiff's protected Civil and Constitutional Rights.").

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. § 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court

may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the now-familiar framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

The rationale that factual plausibility (as opposed to legal labeling) controls the failure-to-state-a-claim analysis has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall*

*v. Eadison*, 704CV123HL, 2005 WL 3132352, at \*2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at \*8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

In conducting the failure-to-state-a-claim analysis, "it is clearly proper ... to take judicial notice of matters of public record," *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008), such as adjudicative facts apparent from "state court criminal records," *Land v. Stone*, No 3:10-cv-981-B-BK, 2010 WL 5538413, at \*4 (N.D. Tex. Dec. 14, 2010) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *see also* FED. R. EVID. 201.

## Analysis

Most of the defendants named are immune from the claims based on Potter's factual allegations attacking his convictions and sentences.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing

-4-

that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

"This absolute immunity also extends to the court clerks," to the extent that they "perform [a] ministerial task ... at the judge's behest." *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010) (citation omitted). Said differently, "[c]ourt clerks are immune from actions 'for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Id.* (quoting *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)). And, while Potter includes no allegations to show that any court employee named as a defendant acted without instructions from a judge, court clerks, "including their deputies, are entitled to qualified immunity involving 'routine actions.' Routine duties are those not explicitly 'commanded by court decree, or by judge's instructions.'" *Lewis v. U.S. Postal Serv.*, Civ. A. No. 08-555-JVP-DLD, 2009 WL 819009, at *3 (M.D. La. Mar. 27, 2009) (quoting *Clay*, 242 F.3d at 682).

State prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S.

409, 420-24 (1976); *see also Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)). A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dallas*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *reversed in part on other grounds*, 141 F. App'x 258 (5th Cir. 2005).

> Prosecutorial immunity, however, applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant.

*Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Because Potter alleges no specific facts to show that any of these defendants acted outside of the scope of their respective duties, he has not overcome the absolute immunity that attaches to judges, court clerks and their deputies, and prosecutors acting within their jurisdiction. And his claims against these defendants should be

-6-

dismissed with prejudice.

It further appears that Potter has named as a defendant an individual attorney. Although Potter alleges no facts to identify the role of this defendant, it is plausible that this individual represented Potter during the state criminal proceedings. Defense attorneys, whether public defenders or private attorneys, are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *cf. Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016) (per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Dodson*, 454 U.S. at 317-18)). And Potter alleges no facts to show that the attorney defendant conspired with state actors to deprive him of constitutional rights. *See Mills*, 837 F.2d at 679. The claims against the attorney should therefore be dismissed with prejudice.

Finally, to the extent that other claims survive, such as against the Sheriff or Deputy Sheriffs, those claims should be dismiss as frivolous because they are "necessarily inconsistent with the validity of [Potter's] conviction[s]," *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)) – convictions that have not been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or

federal court, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." (citation omitted)).

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486); *see id.* at 654 (in this circuit, "*Heck* stands first for 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments'" (quoting *Heck*, 512 U.S. at 486)).

> *Heck* prohibits a plaintiff from using a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has in some way been reversed or invalidated. *Bush*, 513 F.3d at 497. Consequently, "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *DeLeon*, 488 F.3d at 498 n.14 (alteration omitted) (quoting *McCann*, 466 F.3d at 621); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). This is because "factual assertions in pleadings are ... judicial admissions conclusively binding on the party that made them." *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 108 (5th Cir. 1987) (alterations and citation omitted).

*Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir. 2013) (per curiam) (citations modified).

### Recommendation

The Court should deny Potter's motion for summary judgment [Dkt. No. 6] and

dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 17, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE